FILED

**NOT FOR PUBLICATION**

JAN 13 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MASAYUKI AGURO,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>JEANNE S. WOODFORD, Director of Corrections; et al.,<br><br>    Respondents - Appellees. | No. 08-16326<br><br>D.C. No. 3:05-CV-05296-PJH<br><br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted September 14, 2009
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and CONLON,[**] District Judge.

California state prisoner Masayuki Aguro appeals the district court's denial

of his petition for a writ of habeas corpus on two grounds. He claims: (1) his 26-

year sentence violates the doctrine of specialty because the extradition request

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

stated he would be subject to a 16-year maximum sentence; and (2) the district court erred in denying him an evidentiary hearing on two substantive challenges to the constitutionality of the state court proceedings that resulted in his conviction on 13 counts of lewd and lascivious conduct on a child under 14 years of age under California Penal Code section 288(a). We hold that Aguro's sentence does not violate the doctrine of specialty and the district court did not abuse its discretion in denying Aguro's requested evidentiary hearing. Therefore, we deny the relief Aguro requests under 28 U.S.C. § 2254.

I.

Because Aguro filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), it provides the governing standard of review. *Benitez v. Garcia*, 495 F.3d 640, 643 (9th Cir. 2007). Under AEDPA, we may issue a writ of habeas corpus only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Here, the California Court of Appeal for the Sixth Appellate District determined that Aguro's 26-year sentence did not violate the extradition agreement. *People v.*

2

*Aguro*, 2004 WL 233313 (Cal. App. 6th Dist. 2004). This determination was not unreasonable.

When we interpret an extradition request, we look at the entirety of the request and documents attached thereto; we do not pull isolated segments out of context. *See United States v. Cuevas*, 847 F.2d 1417, 1427–28 (9th Cir. 1988) (examining the entire extradition order to determine how to interpret the Swiss Court's condition in an attached injunction that Cuevas not be punished for the "fiscal aspect" of his crime); *United States v. Iribe*, 564 F.3d 1155, 1160 (9th Cir. 2009) (holding that petitioner's interpretation of an isolated phrase in the extradition order "cannot survive contextual scrutiny"). If the entire extradition document is examined, we see the request attaches the applicable statute, California Penal Code section 288.5(a),[1] recites the fact that Aguro abused *two* victims, and refers to a felony complaint charging *two* counts, each a separate violation of section 288.5(a). In that context, the statement upon which Aguro relies for his claim the specialty doctrine was violated—that "under California law, the maximum sentence that may be imposed for the above offenses is sixteen

---

[1] The sentencing provision of section 288.5(a) provides that "any person who [has committed the elements of the crime] is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years."

3

years' imprisonment"— reasonably means 16 years *per offense*. This is a maximum sentence of 32 years' imprisonment. Thus, the conclusion of the California Court of Appeal that the quoted statement "was not couched as a condition of the agreement but as contextual for the offenses sought to be prosecuted" was not unreasonable.

## II.

We review "[t]he decision by a district court to grant or deny an evidentiary hearing . . . for abuse of discretion." *Estrada v. Scribner*, 512 F.3d 1227, 1235 (9th Cir. 2008). On federal collateral review of a state court conviction, "if the [state] record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

The record refutes both of the substantive claims underlying Aguro's request for an evidentiary hearing, so, under *Landrigan*, the district court did not abuse its discretion. *See id*. As to Aguro's claim that prosecutors tampered with and failed to produce the original audiotape of Aguro's confession in violation of Aguro's Sixth Amendment rights under *Brady v. Maryland*, 373 U.S. 83 (1963), the state court record plainly refutes Aguro's *Brady* claim that prosecutors altered his

4

confession to remove his request for an attorney.[2] Two officers present when the tape was made testified that Aguro never asked for an attorney, and the trial court specifically found not credible Aguro's testimony that he had asked for a lawyer. Aguro has presented no evidence that the tape was altered.

Aguro also claims he was entitled to a hearing on the validity of his waiver of certain of his constitutional rights when he submitted his case to the judge pursuant to California's "slow plea" process under *Bunnell v. Superior Court*, 13 Cal. 3d 592 (Cal. 1975). The record shows Aguro's waivers were constitutionally valid. The state trial court painstakingly went through each of the rights Aguro would be waiving. Therefore, the record refutes Aguro's claim that his interpretation of the plea colloquy (i.e., that he misunderstood what was going on because of his limited English skills) was "at least as likely" as the interpretation of the state court.

**AFFIRMED.**

---

[2]Aguro claims such a request would have been exculpatory because it would have required the exclusion of the tape under *Edwards v. Arizona*, 451 U.S. 477 (1981). We need not decide this issue.